## CONGER *vs.* CHAMBERLAIN.

APPEAL FROM CIRCUIT COURT, WALWORTH COUNTY.

Heard March 9.]                              [Decided June 4, 1860.

### *Bill of Exceptions—Practice.*

A bill of exceptions must be settled and signed by the circuit judge, or it will not be considered by the supreme court upon an appeal.

To entitle a party to review the questions decided in the court below, he must have his exceptions regularly settled, and made a part of the record.

The facts in this case are stated in the opinion of the court.

*N. S. Murphy and E. Wakeley*, for the appellant.

*Abbott, Gregory, & Pinney*, for the respondent.

*By the Court*, COLE, J. The notice of appeal in this case states that the appeal is taken from the order denying the motion for a new trial, and also from the final judgment. The undertaking, however, states that the appeal is from the final judgment, and we suppose we must so regard it. The errors complained of here are that the circuit court refused to give proper instructions, which were asked to be given by the appellant to the jury; and denied the motion for a new trial.

In the present state of this record it is impossible for us to review these objections. There is no bill of exceptions, or case made and settled, embracing the exceptions taken upon the trial, which is indispensable in order to enable this court to review such exceptions. We find among the papers sent up by the clerk, what was undoubtedly prepared by the attorney for the appellant for a bill of exceptions. We also find on a separate paper what appears to be amendments prepared

by the opposite counsel. But the amendments and exceptions do not appear to have ever been settled or acted upon by the circuit judge; nor is there any stipulation of the parties curing this omission. To entitle the party appellant to review the questions discussed upon the argument of this cause, he should have had his exceptions regularly settled, and signed by the circuit judge, and made them a part of the record. Otherwise this court cannot consider them as we have frequently decided.

The judgment of the circuit court is affirmed.