CONGAR VS. CHAMBERLAIN.

CONGAR
N.
CHAMBERLAIN.

A warranty made after a sale, upon a consideration distinct from that of the sale itself, is valid.

Thus where A agreed to deliver fruit trees to B in time to enable B to deliver them at a certain point before they should be injured by freezing, but delivered them at so late a period that B objected to receiving them: *Held*, that if A, for the purpose of inducing B to receive the trees, thereupon warranted that they would not be frozen within the time required for their delivery by B at the point aforesaid, and also that if frozen, they would, upon being buried in a certain manner, come out good in the spring, such warranty was founded upon a consideration distinct from that of the sale, and was binding.

Where the alleged warranty is oral, it is for the jury, under proper instructions from the court, to decide upon the terms of the contract and the existence of the ingredients necessary to constitute a warranty.

Where, upon the trial of a cause, no exceptions were taken except to the refusal of the court to instruct the jury that the defendant could not, under the pleadings, recover a judgment against the plaintiff for damages, and to a refusal of the court to grant a new trial after a verdict for damages in favor of the defendant: *Held*, that the only questions before this court were, whether the answer contained a defense, whether the defendant was entitled under the pleadings to a judgment for damages, and whether the evidence was sufficient to support the verdict.

A party who neglects to make his objections at the time appointed by law for that purpose, will not afterwards be permitted to return to them.

APPEAL from the Circuit Court for *Walworth* County.

Action on a promissory note for $200, executed by *Chamberlain* to *Congar*. The answer stated as grounds of defense, 1. That the note was made in part payment for a quantity of fruit trees delivered on a contract, by the plaintiff to the defendant in Walworth county, on the 29th of October, 1857; that according to the contract the trees were to be delivered early in the fall of 1857, in time for the defendant to deliver them to other parties at a certain point in Minnesota before cold weather or frost should injure them, and for that purpose they should have been delivered as early as the 25th of September; that when they were delivered, the defendant objected to receiving them on account of its being so late in the season; that the plaintiff then warranted that the defendant had ample time to take the trees to the point designated in Minnesota before the appearance of cold weather or frost sufficient to injure them; and that

June Term,
1861.

Congar
v.
Chamberlain.

the defendant received the trees upon this warranty, and with all convenient dispatch transported them to the aforesaid point in Minnesota; but long before he could reach that point with them they were frozen and thus rendered worthless, to the damage of the defendant $800. 2. That at the time of the delivery of the trees to the defendant, the plaintiff warranted that in case they should be frozen, if the defendant would bury them in the ground, they would come out uninjured in the spring; that the trees did freeze before they reached Minnesota, and the defendant buried them in accordance with the plaintiff's directions; but on exhuming them in the spring, they were utterly worthless by reason of their having so frozen, to his damage $800. 3. That on, &c., the defendant sold and transferred to the plaintiff certain promissory notes, the proceeds whereof were to be applied to the payment of the note mentioned in the complaint, and that the plaintiff had collected said notes or some of them; and the defendant claimed to set off the amount so collected against the plaintiff's demand. The defendant demanded judgment against the plaintiff for $1,000.

On the trial, after the evidence offered by the parties had been received without objection, the court, at the plaintiff's request, instructed the jury, among other things, as follows: "Before the defendant can recover anything against the plaintiff's demand in this cause, the jury must find, first, that the fruit trees were buried in strict accordance with the plaintiff's directions; and secondly, that they were set out in the spring as directed by the plaintiff; and the defendant must show affirmatively that he has thus strictly complied with said instructions, unless the jury believe from the evidence that the trees were dead, and that planting would have been useless." The plaintiff also asked the court to instruct the jury as follows: "The defendant cannot recover a judgment against the plaintiff for any sum whatever, but under the state of pleadings and evidence in this cause, can only recoup a part or the whole of the plaintiff's demand, if the jury find that the defendant has shown a right to recoup anything whatever;" but the court refused the instruction.

Verdict in favor of the defendant for $337. A motion to set aside the verdict and grant a new trial was denied; and from this decision the plaintiff appealed.

*N. S. Murphy* and *E. Wakeley*, for appellant, contended that the verdict was not supported by the evidence, and that the court erred in refusing a new trial; that the language of the plaintiff relied upon as a warranty, was a mere expression of opinion; that such alleged warranty was made, if at all, after the contract was completed, and that no breach of it had been shown; and that the defendant was not entitled to an affirmative judgment, but could only defeat a recovery by the plaintiff. As to the point that there was no warranty, counsel argued, 1. That a warranty made on the sale of property relates to the quality, condition or properties of the thing sold. Story on Con., §§ 826–8; Parsons on Con., 456; 19 Johns., 290; 9 N. H., 111. 2. If the words used related to a future contingent event, and were such that they could not have been intended as an assertion of a known fact, they must be held to have been a mere expression of opinion or expectation. Chitty on Con., 394, and notes to 8th Am. Ed.; 4 Hill, 329–40; 4 Coms., 345; Parsons on Con., 459; 19 Johns., 290; 5 Gilman, 36; 15 Ill., 345; Ang. on Fire and Life Ins., § 150; 2 Gill & John., 136; Pothier on Con., 130.

*Edson Kellogg*, for respondent:

1. The questions of fact involved in this case were properly submitted to the jury, and their finding thereon is conclusive. 2. No exception was taken on the trial to the sufficiency in law of the words proven, to sustain the allegation of a warranty. The instructions to the jury given by the court at the plaintiff's request, assume that the words proven were sufficient in law for that purpose. It is too late now to raise the question. 3. Whether the words used by the plaintiff amounted to a warranty, was purely a question of fact for the jury. 10 Wend., 411; 8 Cow., 25, 26; *Morrill vs. Wallace*, 9 N. H., 111; *Chapman vs. Murch*, 19 Johns., 290. It was for the jury to determine how the words were understood and intended by the parties. 20 Johns., 203; *Foster vs. Caldwell*, 18 Vt., 176; *Bradford vs. Bush*, 10 Ala., 386; 1

June Term, 1861

Parsons on Con., 464, note O. 4. Any affirmation made by the seller at the time of the sale, for the purpose of assuring the buyer of the truth of the fact affirmed, and inducing him to purchase, if received and relied upon by the purchaser, is an express warranty. *Osgood vs. Lewis*, 2 Har. & Gill, 495; *Hawkins vs. Berry*, 5 Gilman, 36; *Hillman vs. Wilcox*, 30 Me., 170; 1 Parsons on Con., *ubi supra*. 5. The answer contained a counter-claim founded on the breach of warranty (*Lemon vs. Trull*, 13 How. Pr. R., 248; 14 id., 97; *Pattison vs. Richards*, 22 Barb., 143; *Gleason vs. Moen*, 2 Duer, 642), and the defendant was entitled to affirmative relief under sec. 16, chap. 125, R. S.

CONGAR
v.
CHAMBERLAIN.

*By the Court,* DIXON, C. J. The record discloses but two exceptions on the part of the appellant—one to the refusal of the court to instruct the jury, as requested by him, that the respondent could not recover a judgment against him for any sum of money whatever, but, under the pleadings and evidence in the cause, could only recoup a part or the whole of the appellant's demand, provided the jury should find that the respondent had a right to recoup anything whatever; and the other to the decision of the court overruling the appellant's motion for a new trial. No bill of exceptions having been settled and signed as required by law, the judgment was affirmed at the January term, 1860. 11 Wis., 187. Judgment of affirmance has since been vacated, and the defect cured by a stipulation of the parties, and the cause is now to be determined as if the exceptions had at first been regularly made a part of the record.

November 2

The argument here embraces several questions which were not raised on the trial below, and most of them are, on that account, not now open to consideration. Upon whom was the burden of showing a breach of the alleged warranty? What was the measure of proof required to establish it? Did the warranty constitute a part of the contract for the sale of the trees, or was it made afterwards; and if so, upon a sufficient consideration? What were the terms of the contract, and when was it made? Did it fix the time for the delivery of the trees, and was the appellant in that respect

June Term,
1861.

CONGAR
v.
CHAMBERLAIN.

in default? If he was, did the respondent relinquish his claim by an unconditional acceptance of them? Were the statements of the appellant mere expressions of opinion or of expectation on his part, or were they intended and received as a warranty? All these were questions of this nature, and proper to have been presented and discussed before the court and jury at the hearing; and the appellant, by his failure to do so, effectually waived them, so that he could not afterwards make or avail himself of them, either upon the motion for a new trial or on appeal to this court, except as they might affect the question whether there was any evidence to uphold the verdict. For that purpose they may be incidentally reviewed both upon that motion and in this court, but for no other. The practice of the courts in this respect is well settled, and the established rule is, that a party who neglects to make his objections at the time appointed by law for that purpose, will not afterwards be permitted to return to them. *Bogert vs. Phelps*, ante, p. 88; *Bonner vs. Insurance Co.*, 13 Wis., 677. The rule is especially applicable to this case. The contract was oral, and it was the province of the jury, under proper instructions from the court, not only to determine its terms, and whether it had been duly observed by the appellant, but also, upon considering all the circumstances attending the transaction, to decide upon the existence of the ingredients necessary to constitute a warranty. *Osgood vs. Lewis*, 2 Har. & Gill, 495. So far was the appellant from raising any of these questions at the trial, either by way of objecting to the evidence or of asking instructions to the jury, that on the other hand, by the instructions which he did ask and which were given by the court, he assumed them to have been conclusively established against him. The instructions were, that before the respondent could recover anything against the appellant's demand, the jury must find that the trees were buried in strict accordance with the appellant's directions, and were set out in the spring as directed by him, and that the respondent must show affirmatively that he had thus strictly complied with the instructions, unless the jury believed from the evidence that the trees were dead, and that planting

June Term, 1861.

CONGAR
v.
CHAMBERLAIN.

would have been useless. The appellant thus rested his case entirely upon the question of performance on the part of the respondent, and whether the trees were dead so that planting would be useless, and having taken that position he must thenceforth abide by it. The questions, therefore, before the circuit court upon the motion for a new trial, and before us upon this appeal, are, whether the verdict should stand upon the evidence introduced, and whether the judge erred in refusing to instruct the jury that the respondent could not, under the pleadings and evidence, recover a judgment over against the appellant. To these may also be added, whether the answer contains a defense or counter-claim, an objection which though not made in this precise form, is nevertheless involved in some of the propositions urged by counsel. Such objections are not waived by trial and verdict, but may be taken at any stage of the action. Van Santvoord's Pleadings, 725-6, and cases there cited. The evidence follows the allegations of the answer so closely, that if it be conceded that the latter sets up a good defense or counter-claim, there seems to be no ground for saying that it is not sustained by proof, and therefore the verdict should stand. Considered as a question of evidence given under a good answer, there can be no doubt that the verdict is well supported; for if the respondent is to be believed, which was a matter for the jury, almost every averment of the answer was literally proved. Hence the objections, that the warranty was made after the contract of sale, and was void for want of a sufficient consideration, and that the things warranted were not in law the proper subjects of warranty, run at once into objections to the answer itself; and though they are urged as questions of evidence, and perhaps not improperly so, yet it. seems more appropriate to treat them as matters of pleading. These two objections, and that arising upon the exception taken at the trial, may still be made. The others were waived.

It is a general rule that a warranty must be made at the time of the sale and be one of the terms of the contract, and that if it is made after the sale is complete, or the contract performed, it will not be binding, for want of a consider-

ation. Chitty on Con., 397. But this is true only when there is no other consideration than the sale to support it If made afterward upon a new consideration, or one distinct from that of the sale itself, it is valid and obligatory. Comyn on Con., 146. The answer avers that the appellant agreed to deliver the trees early in the fall of 1857, so that the respondent could transport and deliver them at certain places in the state of Minnesota, before cold weather or frost should come to injure them; that he failed to do this, but delivered them too late for that purpose, and the respondent, deeming it unsafe to attempt their transportation, objected to receiving them on that account; that thereupon the appellant warranted that there was ample time for the removal of the trees before the appearance of cold weather or frost sufficient to injure them, and that, if they should be frozen, they would come out uninjured in the spring, provided the respondent buried them in the manner directed by the appellant; and that the respondent, relying upon such warranty, consented to take them, and hastened to transport them to Minnesota, &c. Here there was a new and sufficient consideration for the warranty, to wit, the consent of the respondent to accept the trees after the appellant, by his neglect to perform, had exonerated him from all obligation to do so.

As to the second objection, it is urged that the words spoken cannot be held to have been a warranty; that a warranty must relate to the quality, condition or properties of the thing sold at the time of sale; and that it cannot be prospective in its operation. That part of the warranty which concerned the power or capacity of the trees to withstand the action of frost, or to come out of the ground unharmed in the spring if properly buried during the winter, seems not liable to this objection. It clearly had reference to the *quality* or *properties* of the trees under certain circumstances which both buyer and seller supposed not unlikely to happen, and was good according to the position of counsel. In regard to prospective warranties, Sir WILLIAM BLACKSTONE (3 Com., 166) says: " Also the warranty can only reach to things in being at the time of the warranty

made, and not to things *in futuro*; as, that a horse is sound at the buying of him, not that he will be sound two years hence." This doctrine, however,. has been very generally doubted. Mr. CHRISTIAN, in a note to the passage, says: "There seems to be no reason or principle why, upon a sufficient consideration, an express warranty that a horse should continue sound for two years, should not be valid." Lord MANSFIELD, in *Eden vs. Parkinson* (Doug., 733), where the language of Blackstone was cited, declared, "there is no doubt but you may warrant a future event." Mr. CHITTY disapproves the doctrine, and in reference to the same passage (Chitty on Con., 397), observes: "There seems however to be no valid reason for holding that a party may not, upon good consideration, impose upon himself this prospective responsibility." For ourselves we can see no reason or principle which should have prevented the appellant, if he chose, from taking upon himself the risks and dangers resulting from the late transportation of the trees; and why, if he did so, he should not be held responsible for damages arising from the unfavorable state of the weather. This was the substance of his undertaking, upon which, the respondent alleges and testifies, he was. induced to complete the contract; and, considering the character of the transaction, we cannot perceive why it should not be upheld. It was for the jury to decide whether it was intended as a warranty or as a mere prediction or expression of opinion; and upon evidence and under instructions to which the appellant took no exception, they have found that it was the former. With that conclusion we cannot interfere.

The instruction asked, so far as it was founded on the evidence, was properly refused. The evidence was for the consideration of the jury, not the court. As a question of pleading, we decided in *Benedict vs. Horner*, 13 Wis., 256, that the statute does not require the defendant to make a formal demand for judgment in his answer. It is sufficient if he states facts showing that he is entitled to it.

Judgment affirmed.