## CLARK VS. DRAKE.

1. EQUITY — FORFEITURE. — Courts of equity will not take jurisdiction of a case for the purpose of aiding or enforcing a forfeiture, but will leave the complainant to his remedy at law.

2. SAME. — A. purchased land for a specified price, payable in install-ments, and agreeing to build a mill thereon, taking a conveyance in fee, but executing to his vendor B. a deed of defeasance, covenanting that if he failed to build a saw mill on the premises by June 1, 1839, then the deed executed to him should become void, and the estate created by it cease and determine. A., after having in part built the mill, failed to complete it by the time required, and abandoned work on it. B., his vendor, took possession, and the premises, by divers mesne conveyances, were by him conveyed to C., against whom A. brought ejectment. Whereupon C., being in possession, filed his bill to restrain the suit at law, and asking that A. be decreed to release his alleged title to him: *Held*, that the bill was one seeking to enforce a forfeiture, and, it not seeking any discovery in aid of the suit at law, could not be maintained either upon general principles of equity ju-risdiction or under § 34, ch. 84, R. S.

(3 Chand., 253.)

APPEAL from the Circuit Court for *Dodge* County.

The appellant *Drake* commenced an action of ejectment against *Clark* to recover the premises in controversy, and there-upon he brought his bill in equity against *Drake* for an injunc-tion against the suit at law, and for relief upon grounds which

Clark vs. Drake.

are sufficiently stated in the opinion of the court. *Drake* demurred to the bill for want of equity, and from an order overruling his demurrer, he took this appeal.

*Collins, Smith & Tappan*, for appellants:

1. The complainant shows that he can successfully defend the ejectment suit, and therefore he cannot maintain this bill. He asks the court to confirm a legal title while a suit is pending at law to try it. He does not claim that his title or right has ever been settled at law. He does not ask any discovery in aid of his defense at law, and he has no need or claim for the interference of a court of equity. Mit. Eq. Pl., 144; 2 Story Eq., §§ 854, 859; *Alexander v. Pendleton*, 8 Cranch, 462; *Eldredge v. Hill*, 2 Johns. Ch., 281; Mit. Eq. Pl., 146.

2. The bill shows that the defendant paid money and made improvements on the premises to a considerable amount, and, because he did not perform his entire undertaking, the complainant asks that he shall forfeit the whole. Courts of equity do not favor or aid or decree forfeitures. 2 Story Eq., §§ 1313–1319; *Horsburg v. Baker*, 1 Pet., 236; *Skinner v. Dayton*, 2 Johns. Ch., 526; *Livingston v. Tompkins*, 4 id., 415. Whether the defendant had forfeited his right, is a question to be tried at law. *Lawrence v. Bayard*, 7 Paige, 70.

*E. G. Ryan*, for appellee:

1. Without any statute, the bill gives the court jurisdiction under the general class of bills *quia timet*, to remove a cloud from the complainant's title. 2 Story's Eq., §§ 700, 702, 705; *Jervis v. White*, 7 Vesey, 413; *Hayward v. Dinsdale*, 17 id., 111; *Colchester v. Lowten*, 1 Vesey & B., 226, 244; *Hamilton v. Cummings*, 1 Johns. Ch., 517; *Pettit v. Shepherd*, 5 Paige, 493, 501; *Apthorp v. Comstock*, Hopkins, 143, 148; *S. C.*, 8 Cowen, 386. And a court of equity, having taken jurisdiction for one purpose, will assume jurisdiction of the whole case, and restrain the proceedings at law. 1 Story's Eq., § 64 k to § 71; *Russel v. Clark*, 7 Cranch, 69, 89.

2. Whatever doubts there might have been, our legislation

has ended them, and this jurisdiction is positively imposed on courts of equity. R. S., ch. 84, § 34.

3. The bill presents a case in which the defendant has such an advantage at law, and in which the title is so embarrassed, that the court will assume jurisdiction on the general ground of restraining inequitable proceedings at law. 2 Story's Eq., §§ 885, 904; *Nicholl v. Huntington*, 1 Johns. Ch., 166, 175. The action of ejectment would only determine the possession; a court of equity only can give the complainant complete relief.

4. This case is not one coming within the rule that the complainant must first establish his right at law, as may be seen from the authorities already cited. Neither is it a case where it is sought to enforce a forfeiture. A failure of title, by a failure to comply with the terms of purchase, cannot well be termed a forfeiture. But if to be considered a forfeiture, the forfeiture has accrued, was enforced by the complainant's grantor, and the complainant is in possession. Being in possession, he asks the aid of this court in quieting his title. *Livingston v. Van Ingen*, 7 Johns., 507; *Livingston v. Tompkins*, 4 Johns. Ch., 432. The deeds between Doty and *Drake* did not constitute a mortgage at law or in equity. A constructive mortgage is only in cases where there is a debt; and here is no debt. 1 Powell on Mort., 1 to 5, 266 a; Platt on Covt., 565. This is a case of an estate defeasible on a condition, when the grantor may reenter and determine the estate. 2 Co. Lit., 3, 11, 33, 97, 103, 122, *et passim*.

WHITON, J. This is an appeal from an order of the circuit court overruling a demurrer to the complainant's bill. The bill sets out, in substance, that Charles C. P. Arndt and the defendant, *Drake*, bargained with James D. Doty for two half quarter sections of land; the said Doty acting in behalf of individuals under the name of the Fond du Lac Company; that the sale was to be on condition that Arndt and *Drake*

would, by the first day of June then next, erect a saw mill on the land, and pay the sum of two hundred and forty dollars, one-third in cash, one-third in four months, and the remaining third in eight months; that to carry out the agreement, Doty executed to Arndt & *Drake* a deed of the land, and they, at the same time, executed to him a deed of defeasance, by which they covenanted that if they failed to build the saw mill on the land by the first day of June, 1839, the deed executed by the said Doty should become void, and the estate created by it should cease and determine; that, at the time the deeds were executed, the said Arndt & *Drake* gave their promissory note for eighty dollars, payable in eight months, with interest; that Arndt & *Drake* commenced building a saw mill on the land, but did not erect a good and sufficient saw mill on the land by the first day of June, 1837, and have not at any time done so, but have abandoned the work and the land; that the said Doty resumed the possession of the land, as the complainant believes; that he believes the said Arndt & *Drake* have never paid the said eighty dollars, or any part of it; that after the land had been abandoned by the said Arndt & *Drake*, and while it was in the possession of said Doty as said trustee, one Mason C. Darling purchased it of him for a valuable consideration, and made valuable improvements thereon; that said improvements were made, as the complainant believes, with the knowledge of said Arndt & *Drake*, or one of them; that said complainant and one Bannister purchased an undivided half of a portion of said premises; that the complainant subsequently bought out the interest of Bannister therein, but has not yet obtained a conveyance of it; that he also purchased of Darling the remainder of said land; that he has been in possession of the land purchased of said Darling, since the 15th day of August, 1838, having had possession delivered to him by said Darling at that time; that Darling at that time was in undisputed possession of the land; that the complainant was ignorant of any claim of Arndt or *Drake* to said land, or any part of it;

that said *Drake*, in his own right, and as the assignee of Arndt, claims title to said land, and has brought an action of ejectment therefor against the complainant, in which the complainant is apprehensive the said *Drake* may prevail.    The bill prays that the defendant may be decreed to execute a release to the complainant of his pretended title to the land, and also for an injunction.

To this bill a demurrer was interposed, which was overruled by the court, and the defendant required to answer in thirty days.    From the order overruling the demurrer, *Drake* appealed, and now insists that it is erroneous, because, on the facts stated in the bill, the complainant is not entitled to any relief ; that he claims no discovery to aid him in his defense of the suit at law, shows no right to the land established at law, and seeks to obtain a title to the land, by the aid of a court of chancery, by a decree enforcing a forfeiture.    On the part of the appellee, it is contended that the bill of complaint gives the court jurisdiction without the aid of our statute, under the general class of bills *quia timet*, to remove a cloud from the complainant's title, and the court having taken jurisdiction for one purpose, will assume jurisdiction of the whole case, and restrain the proceeding at law ; that our statute gives the court jurisdiction ; that the bill presents a case in which the defendant has such an advantage at law, and in which the title is so embarrassed that the court will assume jurisdiction on the ground of restraining inequitable proceedings at law; that a court of equity only can give adequate relief, as the action of ejectment would only determine the possession ; that this case is not one coming within the rule that the complainant must first establish his right at law, nor a case where it is sought to enforce a forfeiture ; that, admitting it to be a forfeiture, the forfeiture has accrued and was enforced by the plaintiff's grantee.

We think that the order of the circuit court was erroneous, and that none of the positions taken by the appellee can be sustained.    If the complainant is entitled to the land, he is

entitled to it because the condition created by the deed from Doty to Arndt & *Drake*, and their defeasance back, was not complied with, and consequently the estate was defeated. In other words, the failure of Arndt & *Drake* to comply with the condition worked a forfeiture of the estate.

It is too well settled to be at all controverted, that courts of equity will not take jurisdiction of a case for the purpose of enforcing a forfeiture, but always leave a party who seeks to take advantage of one to his remedy at law. *Harsburg v. Baker*, 1 Pet., 236 ; *Skinner v. Dayton*, 2 Johns. Ch., 526. It was argued on behalf of the appellee, that the court obtained jurisdiction under the general class of bills *quia timet*, to remove a cloud from the complainant's title, and having jurisdiction for one purpose, will assume jurisdiction of the whole case and restrain the proceedings at law. But it is to be observed that the complainant's right, as sought to be enforced by this bill, is founded wholly upon the alleged forfeiture ; unless a forfeiture has accrued the complainant has no right to the land. If the bill had asked for a discovery to aid the complainant in the defense of the suit at law, it might have been sustained ; but asking for none, and founding the right of the complainant to the land upon the forfeiture alone, it seems clear that it cannot be supported.

It was contended on the part of the appellee, that the statute gave the court jurisdiction of the case, even if, by the general rules governing courts of equity, the court could not take jurisdiction. The statute referred to (R. S., ch. 84, sec. 34) provides that any person having the possession and the legal title to land may institute a suit against any other person setting up a claim thereto, etc.

We do not think that this section of the statute was intended to give courts of equity the power to disregard the well settled rules of law governing their proceedings for the purpose of determining questions of this nature. It was intended to give a person in possession of land the power to institute a suit in a

court of equity, in a case proper for the consideration of such a court, against any person setting up a claim to the land, to settle the question of title, although no attempt should be made to disturb the complainant in his possession. In this case the complainant would have no need of aid from the statute to enable him to maintain his bill, if his case was a proper one for a court of equity to entertain, because the bill alleges that the defendant *Drake*, has commenced an action of ejectment against him to recover the possession of the land.

In such a case, if the defendant in the ejectment suit makes out a case proper for a court of equity to entertain, the court will take jurisdiction, sustain the proceedings at law, and make out a final decree between the parties. But here the complainant is met at the threshold with the fact that his right to the land is founded wholly upon the alleged forfeiture, and we must leave him to his remedy at law. The order of the circuit court must be reversed.