BENEDICT vs. HORNER.

BENEDICT
v.
HORNER.

Under section 26, chap. 132, R. S., the court had power to grant to the defendant any affirmative relief to which he might be entitled, whether issue were joined in the case before or after the adoption of the Code, if the facts constituting a foundation for it were stated in the pleadings, even though such relief were not demanded in the answer.

A and B made a deed to C, by which, after reciting that the parties had been partners, and that in collecting debts due said firm, they had severally, in their individual names, acquired title to real estate situated in New York and other states, they sold and assigned to C, " all and every parcel of real estate, by way of deed, mortgage or otherwise acquired heretofore, or now [then] held in manner aforesaid, in the state of New York or elsewhere." At the time of the execution of the deed, A held the legal title to certain lands in this state, and after the deed was recorded in the county where the lands were situate, a creditor obtained judgment against him, and purchased the land at sheriff's sale, under an execution upon the judgment. In a suit by C, to remove the cloud thus created upon his title, it was *held*, that if the deed was not void for uncertainty (as to which the court did not decide), the plaintiff, to maintain his title to said lands under it, must show the facts which brought them within the general description in the deed, by proofs which left nothing to rest upon conjecture or mere probability of fact.

*Held*, also, that if oral proof of an admission by A, at the time he acquired the title, that he received it in payment of a debt due the firm, would be competent evidence to prove that fact, (a point not decided,) the testimony of the single witness in this case, given twelve years after the transaction took place, was not sufficiently certain and positive, to form satisfactory proof of the admission.

APPEAL from the Circuit Court for *Kenosha* County.

This was a suit in equity, commenced in 1855 by *Lewis Benedict*, to remove a cloud upon his title to certain real estate in the city of Kenosha. The bill alleged that on the 27th of October, 1848, one Spencer S. Benedict, and one Walter M. Rockwell, executed to the plaintiff a deed (set forth at length), in which, after reciting that they and the plaintiff had lately been copartners in business under the names of Lewis Benedict & Son, and Lewis Benedict & Co., and that in the course of the collection of debts due them in New York and other states, the several partners, in their own names severally, or jointly with some other of said firm, had acquired title to or interest in real estate situated in New York or some other of the United States, the grantors, in consideration of, &c., granted, assigned, &c., to the plaintiff, " all and every parcel of real estate, by way of

deed or mortgage, or otherwise, acquired heretofore, or now held in manner aforesaid, in the state of New York or elsewhere." This deed was recorded in the register's office of the county of Kenosha, December 8, 1851. The bill also alleged that at the time of the execution of the deed, the legal title to the lands in controversy was in said Spencer S. Benedict, but that the lands had been acquired by him in settling up demands due to the aforesaid firms, and to *Lewis Benedict* individually; that the consideration for the lands was paid by said firms and by said *Lewis Benedict*, being debts due from the owner of said lands to said firms and said *Lewis*, the title having been taken in the individual name of said Spencer S. only for convenience, according to the practice of said firms; and that the title to said property passed to the complainant by said deed of the 27th of October, 1848. The real estate in controversy was attached in June, 1851, in a suit brought by *Horner* against said Spencer S. Benedict and said Rockwell, and was bought by *Horner* at a sheriff's sale to satisfy the judgment which he recovered in that suit in May, 1852, and this suit was brought to remove the cloud thus created upon the complainant's title. The answer, which was under oath, stated that the defendant had no knowledge or information except from the allegations of the bill, and therefore denied, that the complainant was, at the time of the filing of the bill, or had been since the 27th of October, 1848, owner in fee of the lands in controversy; or that on said last mentioned day, the legal title to said lands was in Spencer S. Benedict; or that the latter acquired such title in the manner and for the purposes mentioned in the bill; but insisted that the deed of October 27th, 1848, set forth in the bill, was inoperative and void, both at law and in equity, "because of the want of proper description of any of the lands in such deed, and because of its indefiniteness and uncertainty," claiming for his answer in reference to such deed, the effect of a demurrer to the bill. The answer also alleged that at the time of the issuing of the attachment in the bill mentioned, the title to all of the lands in controversy was in Spencer S. Benedict, and they were liable to said attachment.

June Term,
1860.

BENEDICT
v.
HORNER.

The bill and answer contained other allegations not important to be stated here. The prayer of the answer was merely that the defendant be dismissed with his reasonable costs. The answer was filed February 27th, 1857. There was no replication.

By stipulation of the parties, the evidence was taken before a court commissioner in April, 1858. The plaintiff introduced in evidence a certified copy of the deed of October 27th, 1848, mentioned in the bill. E. W. Evans, as a witness for the plaintiff, testified as follows: "In 1846, I think, Mr. John H. Nichols, formerly a merchant of Kenosha, settled with Spencer S. Benedict, of the firm of Benedict & Son or Benedict & Co., of Albany, N. Y., and being indebted to said firm, turned out in payment of that indebtedness, to Spencer S. Benedict, I think, the real estate in question." "The consideration that passed for the lands claimed by the plaintiff in this action, was a prior indebtedness due from John H. Nichols to Spencer S. Benedict & Son or Lewis Benedict & Co." On cross-examination, the witness said: "I think I first became acquainted with Spencer S. Benedict in 1846. I was not present when Nichols contracted the debt about which I have testified; do not personally know with whom Nichols settled said claim; know nothing about said claim except what I have heard from Nichols, Spencer S. Benedict or *Lewis Benedict*; know nothing of Rockwell being a partner in business with Spencer S. Benedict and *Lewis Benedict*, except from correspondence with the Benedicts; know nothing about the partnerships known under the name of Lewis Benedict & Son, or Lewis Benedict & Co.—when those firms commenced, when they terminated, or the terms of the partnership, except by correspondence with the Benedicts; cannot state how large their claim against Nichols was; was not present at the settlement, nor when the real estate was turned out; all I know of the matter I derived from conversations with Nichols or S. S. Benedict. In the summer of 1846, I think, S. S. Benedict came to Kenosha to settle an indebtedness of Mr. Nichols to the firms above named, and as I was consulted with by the above named Nichols and Benedict about the settlement and

the deeding of the property in question, I derived my knowledge of the facts, and from no other source. I saw no deeds given or receipts passed." The defendants objected, before the commissioner, to the admission in evidence of the deed under which the complainant claimed, on the ground that it was void for vagueness and uncertainty; and objected also to the testimony of Evans as incompetent. These objections were renewed at the hearing, but were overruled. The circuit judge found as facts, among other things, that there was no sufficient evidence that the consideration for the conveyance of the lands in question to Spencer S. Benedict, was a debt due from said Nichols to Benedict & Son, or to Benedict & Co.; and that the title to said lands passed to the defendant *Horner* by virtue of the sheriff's sale upon the execution against S. S. Benedict. And as conclusions of law, the judge found that the deed from Spencer S. Benedict and Rockwell to *Lewis Benedict*, was inoperative to convey any title to said *Lewis* in said lands, as against the title of the defendant acquired under the sale upon said execution.

Judgment accordingly, and "that the title [to said lands] be and is quieted in the said *James Horner*, his heirs and assigns."

*E. W. Evans*, for appellant:

1. The deed of October, 1840, with the evidence offered to identify the real estate therein referred to, was sufficiently certain to vest the title to the lands in controversy in *Lewis Benedict*. 2 Hilliard on Real Property, pp. .337–8, secs. 42, 43; id., pp. 341–2, secs. 73–77; id., p. 342, secs. 79, 81, 82; id., p. 345, sec. 91; *Jackson vs. DeLancey*, 11 Johns., 365; *Same Case*, 13 id., 537; *Jackson vs. Rosevelt*, id., 97; *Allen vs. Bates*, 6 Pick., 460; *Brown vs. Bellows*, 4 id., 179; *Haven vs. Richardson*, 5 N. H., 113; *Lyman vs. Loomis*, id, 408; *Barnard vs. Martin*, id., 537; *Paine vs. Webster*, 1 Vt., 131; *Lunt vs. Holland*, 14 Mass., 149; and especially *Foss vs. Crisp*, 20 Pick., 121, and *Jackson vs. Parkhurst*, 4 Wend., 374. 2. This deed was a general *assignment* to *Lewis Benedict* of all interest in lands held by the grantors in their individual names, acquired in a particular way, and for which

June Term,
1860.

BENEDICT
v.
HORNER.

a particular consideration was paid, and the description is sufficiently certain to pass the property by such assignment under the decision in *Roseboom vs. Mosher*, 2 Denio, 61. See also 3 McCord, 269; *Kea vs. Robeson*, 5 Iredell's Eq., 373. 3. The allegation in the bill, that the property in question was acquired by S. S. Benedict in payment of a debt due from Nichols to the firms of Lewis Benedict & Son, and Lewis Benedict & Co., &c., and that although the title, for convenience, was taken in the name of S. S. Benedict, yet in equity the property belonged to the firm, is met in the answer only by a statement that the defendant has no knowledge, &c., except as he is informed by the bill, and requires the complainant to prove the same. In case of such a denial of a positive averment in the bill based upon the complainant's personal knowledge, one witness is sufficient to sustain the bill. *Combs vs. Boswell*, 1 Dana, 474; *Knickerbacker vs. Harris*, 1 Paige, 209; *Lawrence vs. Lawrence*, 4 Bibb, 358; *Drury vs. Conner*, 6 Harr. & Johns., 288; *Hopkins vs. Stump*, 2 id., 304; *Pierson vs. Catlin*, 3 Vt., 272; *Waters vs. Creagh*, 4 Stewart & Porter, 410; *Clark's Adm'rs vs. Van Riemsdyk*, 9 Cranch, 153. 4. Evans's testimony shows that S. S. Benedict, at the time he acquired the title to this real estate, declared that it was acquired in the manner set forth in the bill, and that Nichols made a similar declaration. These declarations made by the parties in interest at the time of the transaction, are conclusive upon that point. 1 Greenl. Ev., p. 249, § 191; id., p. 246, § 189; *Clark vs. Hougham*, 2 B. &. C., 149; *Mountstephen vs. Brooke*, 3 B. & Ald., 141; *Woolway vs. Rowe*, 1 Ad. & El., 114; *Johnson vs. Ward*, 6 Esp., 47; *Dor vs. Pettitt*, 5 B. & Ad., 223; *Brattle St. Church vs. Bullard*, 2 Met., 363; *North vs. Miles*, 1 Campb., 390; 1 Starkie on Ev., 26; 1 Greenl. Ev., p. 239, § 180; *Bartlett vs. Delprat*, 4 Mass., 702–707; *Clarke vs. Waite*, 12 Mass., 439; *Bridge vs. Eggleston*, 14 id., 245, 250; *Phœnix vs. Ingraham*, 5 Johns., 412; *Packer vs. Gonsalus*, 1 Serg. & Rawle, 526; *Patton vs. Goldsborough*, 9 id., 47; *Babb vs. Clemson*, 12 id., 328. 5. The decree should be reversed because it grants affirmative relief not demanded in the answer, not only declaring the deed to *Lewis Benedict* void, but proceeding to

establish the title to the lands in controversy in *James Horner*, and to quiet the title in him and his heirs forever. Where a defendant desires affirmative relief, he must seek it by an original or cross bill. *Tarleton vs. Vietes*, 1 Gilman, 470; *German vs. Machin*, 6 Paige, 290; Smith's Chancery Pr., 459; Mitford's Pl., 75; *Ballance vs. Underhill*, 3 Scam., 461.

June Term,
1860.

BENEDICT
v.
HORNER.

*J. J. Pettit*, for respondent:

1. The answer of no knowledge or information puts the complainant to strict proof of his allegations so answered. Story's Eq. Pl., 854, 868, b, and note 1; 2 Daniell's Ch. Pr., 257, 402.    2. The deed from S. S. Benedict and Rockwell to the plaintiff is void for uncertainty. *Jackson vs. Parkhurst*, 4 Wend., 369, 374; 3 C. & H.'s Notes to Phil. Ev., 1420–23; *Jackson vs. DeLancey*, 11 John., 367; same case, 13 id., 526, 551; *Jackson vs. Rosevelt*, id., 97, 103; *Abeel vs. Radcliff*, id., 297; *Jackson vs. Delong*, 9 id., 43; *Schuyler vs. Vanderveer*, 235, 240, and note.    3. Parol proof to explain a *latent* ambiguity must be clear and convincing.    3 C. & H.'s Notes, 1358–1363; Phil. Ev., p. 531 (N. Y. Ed. of 1823, pp. 467, 473).    But the ambiguity here is really *patent*, and cannot be explained by parol.    Phil. Ev. (Ed. of 1823), p. 473.    3. The answer denies that the defendant had any knowledge or information whether S. S. Benedict owned the land in question when he and Rockwell executed their deed to *Lewis Benedict*.    The only evidence offered to show title in S. S. Benedict at that time, was the testimony of Evans, that Nichols turned out the land to him, &c.    But conveyances of an interest in land must be in writing (R. S., 1849, p. 388, sec. 6; *Hazleton vs. Putnam*, 3 Chand., 117–129), and the only proper evidence of such conveyance was the deed itself.    *Whiting vs. Gould*, 2 Wis., 552, 584; *Abeel vs. Radcliff*, 13 Johns., 300; 4 Wend., 369, 374; *Parkhurst vs. Van Cortlandt*, 1 Johns. Ch. R., 274–281; *Brayton vs. Jones*, 5 Wis., 117.    4. Evans's testimony as to the consideration for the land thus turned out to S. S. Benedict, is entirely insufficient.    He was not present at the alleged settlement between Nichols and S. S. Benedict—saw no deed given or receipt passed, and all he knows was from conversation with

June Term,
1860.

BENEDICT
v.
HORNER.

those parties.  His evidence is mere hearsay.  If any parol evidence on that subject was admissible, S. S. Benedict and Nichols were the only proper witnesses, and *Horner* was entitled to a cross examination of them under oath.  *Persons vs. Burdick*, 6 Wis., 63, 66; *Jackson vs. Richards*, 6 Cow., 617–623; *Hurd vs. West*, 7 id., 752; *Worrall vs. Parmelee*, 1 Coms., 521; *Paige vs. Cagwin*, 7 Hill, 361; *Stark vs. Boswell*, 6 id., 405; *Jones vs. Methodist Society*, 21 Barb., 174; *Bennett vs. Eastman*, 6 Wis., 239, 240; *Bailey vs. Wakeman*, 2 Denio, 220–4; same case, 2 Hill, 279; *Brown vs. Lusk*, 4 Yerg., 210; *Doe vs. Arkwright*, 5 Carr. & Payne, 575; 1 Greenl. Ev., §§ 108, 109, 111, 114, 191.

January 2.    *By the Court*, DIXON, C. J.  Conceding that the conveyance from Spencer S. Benedict and wife and Walter M. Rockwell and wife to the appellant, is not void for uncertainty, but that it falls within that class of ambiguities, sometimes called patent, which may be explained by parol evidence (see 2 Phillips on Evidence, Cowen & Hill's and Edwards' notes, page 747, note 575, and cases there cited, and 1 Greenleaf on Ev., §§ 297–300); and that the admissions of Spencer S. Benedict, made at the time he acquired the title to the land in question, as to the manner in which he procured it and the consideration which was paid, were properly received in evidence (1 Greenl. Ev., § 189), neither of which propositions can be said to be entirely unsustained by principle or authority, still I do not think that the testimony introduced sufficiently establishes that the premises in suit are within the general description contained in the deed.  In all such cases, where the property conveyed is described on the face of the deed, by terms which in themselves are doubtful and inadequate to its perfect designation, but which refer to extrinsic facts and circumstances for the ascertainment and completion of the meaning, the burden of showing such facts and circmstances is with the party claiming the benefit of such deed.  And this he must do by proof which fairly preponderates in his favor, and which leaves nothing to rest upon conjecture or mere probability of fact.  The case of the appellant in this respect depends upon the testi-

mony of a single witness, who neither knows nor pretends
to know anything about the facts themselves.   The evidence
which he gives is of a kind which is always to be received
with the greatest caution and scrutiny.   He professes to tes-
tify only to the oral admissions of Spencer S. Benedict, the
person through whom both parties claim title.   His evidence
is given under circumstances of great disadvantage.   The
conversation took place some fourteen years before the trial,
and at a time and in a manner which were not calculated to
fix his attention or create a lasting impression upon his
mind.   The tenor of his testimony shows this.   He speaks
doubtingly, as if under an effort to recall something which
had long since passed from his memory.   If therefore he
had testified to an admission by Spencer S. Benedict, it is
very doubtful whether it ought to turn the scale in favor
of the appellant.   But the great difficulty is that, conceding
to his testimony all the weight which might be given to any,
it does not show that Spencer S. Benedict ever made the
admission claimed.   All of it which can really be said to be
pertinent and material, is contained in his answer to the last
cross-interrogatory.   In that answer he says, that in the sum-
mer of 1846, he thinks, S. S. Benedict came to Kenosha to
settle an indebtedness of Mr. Nichols to the firms of Lewis
Benedict & Son and Lewis Benedict & Co., and as he was
consulted by Nichols and Benedict about the settlement and
the deeding of the property in question, he derived his
knowledge of the facts in that way and from no other source.
He saw no deeds given or receipts passed.   In answer to
previous questions, he disclaims all actual knowledge of any
transactions between Nichols and either of the firms.   It is
very manifest that this language does not amount to proof of
an admission by Spencer S. Benedict as to the consideration
which he paid for the land.   The witness nowhere testifies
positively and directly that he conversed with Benedict, or
that Benedict told him anything about the matter.   For
aught that appears, he may have received his information
entirely from Nichols, who is mentioned in the same con-
nection.   He does not tell us who spoke or what was said,
or whether the parties consulted him together or separately.

Everything is left in doubt and uncertainty. Upon this evidence we think it impossible for any court to pronounce that Spencer S. Benedict ever made a declaration upon the subject, and therefore must conclude that the land in dispute is not within the operation of the deed.

As relates to the form of the judgment, or the power of the court to grant to the respondent the affirmative relief to which it deemed him entitled, it is clearly authorized by the statute. Sec..26, chap. 132, R. S. Its language is applicable to all issues whether joined before or after the adoption of the Code. The fact that such relief was not asked does not vary the question. The facts constituting the foundation for it are sufficiently stated, which seems to be all that is now required by law. See sections 9 and 10, chapter 125, R. S. The practice of demanding such relief in proper cases, is undoubtedly a good one, and may with propriety be continued, but the statute does not make it essential.

Judgment affirmed.