## SAGE vs. McLEAN.

PRACTICE. FRIVOLOUS DEMURRER. (1) *On appeal from* judgment, *on demurrer as frivolous, no reversal if demurrer bad, but not frivolous.* Aliter *on appeal from* order *striking out demurrer as frivolous.* (2) *Demurrer held not frivolous.*

1. It is the settled rule in this court, that in case of a demurrer to a complaint being treated by the trial court as frivolous, if the demurrer appears to this court not well taken, but not frivolous, there will be no reversal on that ground where the appeal is from a *judgment;* but where the appeal is from the *order* striking out the demurrer, such order will be reversed.
2. In ejectment, the complaint states that plaintiff was the wife of X. at the time of his death, which occurred "many years since;" that X.

died seized in fee of the land in dispute, and without issue; that "at his death said premises descended to the plaintiff as his widow, to hold during her natural life;" and that she is entitled to the possession; but it does not directly aver that she has a *present* life estate therein. *Held*, that there is perhaps a *presumption* from the facts stated, that plaintiff is still the owner of the life estate; but to determine whether that is so, and whether the complaint is sufficient under the statute (R. S., ch. 141, sec. 4), requires argument, research and deliberation; and a demurrer to the complaint as not stating a cause of action, was not *frivolous*.

APPEAL from the Circuit Court for *Brown* County.

Action to recover real property. The complaint alleges that the plaintiff intermarried with Thomas J. Cotton in 1853, and was his wife at the time of his death, which occurred "many years since," and that said Thomas died seized of the lands described in the complaint, in fee simple. The title and estate of the plaintiff is stated therein as follows : " That the said Thomas J. Cotton died without issue, and thereupon at his death the said premises descended to the plaintiff, as his widow, to hold during her natural life." And there is a further averment that the plaintiff is entitled to the possession of the premises.

To this complaint the defendant interposed a demurrer, on the ground that it does not contain facts sufficient to constitute a cause of action. The circuit court, on motion, made an order striking out the demurrer as frivolous ; and from that order the defendant appealed.

*Hudd & Wigman*, for appellant, argued that the demurrer was not frivolous, citing *Farmers' Bank v. Sawyer*, 7 Wis., 379 ; *Cahoon v. R. R. Co.*, 10 id., 290 ; *Mayer v. Strahl*, id., 83 ; *Clapp v. Preston*, 15 id., 543 ; *Walton v. Goodnow*, 13 id., 661 ; *Howard v. Supervisors*, 19 id., 247. It may be doubted whether the complaint sufficiently sets forth the plaintiff's present claim of title. In alleging that the land descended to her as widow, it merely alleges a conclusion of law. The allegation that the husband " died many years since " is insufficient. To deter-

mine the nature of the plaintiff's estate, we must know *when* he died, as different statutes of descent have prevailed in the state heretofore. If he died prior to the act of 1868, for want of issue she took for life. If, after the act of 1868, she took the fee.

*M. L. Martin*, for respondent, cited 2 Tay. Stat., 1666 ; *Barclay v. Yeomans*, 27 Wis., 682 ; Till. & Shear. Pr., 932, and cases cited.

LYON, J. It is the settled doctrine of this court, that when the appeal is from a *judgment* on a demurrer for frivolousness, if the demurrer is not well taken, although not frivolous, the judgment will be affirmed. *Cobb v. Harrison*, 20 Wis., 625. But if the appeal be from the *order* striking out the demurrer as frivolous, the order will be reversed if the demurrer is not frivolous, although not well taken. *Weishaupt v. Weishaupt*, 27 id., 621.

This being an appeal from the *order* striking out the demurrer, and not from a *judgment*, the sole question is, whether the demurrer is frivolous.

The statute requires (among other things) that the complaint in an action for the recovery of real estate shall set forth that the plaintiff has an estate or interest in the premises claimed, particularly stating the nature and extent thereof. R. S., ch. 141, sec. 4 (Tay. Stats., 1666, § 5). If the complaint is deficient in this respect, it is demurrable. *Barclay v. Yeomans*, 27 Wis., 682. The statute clearly requires the plaintiff to set forth in his complaint the nature and extent of his interest or estate in the lands claimed, as it exists when the action is commenced.

The complaint in this action sets forth that on the death of her husband, " many years since," a life estate in the premises in controversy descended to the plaintiff ; also that the plaintiff is entitled to the possession of such premises ; but it contains no direct averment that she has a *present* life estate there-

in.   It appearing that such interest vested in her, several years
before, and it not appearing that she has been divested of it,
*perhaps* the presumption is that she is still the owner of such
interest.   But to determine whether that is so, and whether the
complaint is in the form prescribed by the statute, requires ar-
gument, research and deliberation.   And because of this, al-
though the demurrer may be bad (which is not here deter-
mined), it is not frivolous.

   *By the Court.* — The order is reversed.