MILLS and wife vs. THE EVANSVILLE SEMINARY and others.

EQUITY: FORFEITURES.

Equity will not entertain an action to reform a deed by inserting a condition subsequent, and to *declare a forfeiture* for breach of such condition.

APPEAL from the Circuit Court for *Rock* County.

In September, 1859, the plaintiffs executed and delivered to the *Evansville Seminary* (a corporation under the laws of this state) an absolute, unconditional deed, with full warranties, of a parcel of land in the village of Evansville, in Rock county, known as " Seminary Park," the consideration named in the deed being $500. This action was brought in 1876 against the *Evansville Seminary* and the *Evansville Boot & Shoe Manufacturing Co.* The specific relief demanded in the complaint was, that the deed above described be reformed so as to express the intention of the parties, by inserting therein a provision that in case of nonuser of the land for a seminary it should revert to the grantors, their heirs and assigns; that a certain deed of said land, executed by the president and secretary of the board of trustees of the *Evansville Seminary* to the other defendant company, dated January 19, 1876, might be adjudged void; that the *Evansville Seminary* might be required to reconvey said land to the plaintiffs, as reversionary owners; that both defendants might be restrained

from otherwise disposing of or interfering with said property; and that the *Evansville Seminary* might be adjudged dissolved by its own acts.

The charter of the *Evansville Seminary*, and its amendments, were put in evidence on the trial of the action. The original charter was granted in 1856. It empowered the corporation, among other things, "to acquire, hold and convey real estate and personal property;" and "to erect the necessary buildings, and conduct and continue, on the plat of ground marked and known as 'Seminary Park,' and such other grounds as said corporation may [might] acquire in the village of Evansville, . . . a seminary of high order for the education of youth of both sexes." It further provided that "all funds and property received by the board of trustees for seminary purposes, by gift or otherwise," should be "faithfully applied by them to the best of their judgment, for the benefit of the seminary, in the purchase or rent of grounds, the construction, purchase or rent of the necessary buildings, procuring library and apparatus, furniture and fixtures, creating endowments for the payment of professors and teachers, and in payment of the necessary expenses of the said corporation;" with a proviso, that "every donation or bequest made for particular purposes in accordance with the design of said corporation" should be applied "according to the wishes of the donor and the terms of the bequest." It also contained the following provision: "The library, apparatus, buildings, and lands not exceeding six acres, belonging to the said corporation, shall be exempt from taxation, provided that said lands shall not be used for any other than seminary purposes." None of these provisions appear to have been repealed or modified.

The circuit judge found the following facts: That at the time of the organization of the *Evansville Seminary* under the aforesaid act, the plaintiff *David L. Mills* was owner in fee of the land here in question; that, for the purpose of aid-

ing said corporation, and to furnish it a site for the erection of buildings necessary for its objects, and solely as a gift or donation, said plaintiff gave to the corporation said land, and, by an instrument in writing by him executed and delivered, he agreed to convey the land to it upon condition that a seminary building should be erected thereon within two years from that time, the land to be conveyed for the purpose of a site for said seminary, and to revert to said *Mills* whenever it should cease to be used for that purpose; that a seminary building was erected on the said site within the time named, and thereupon a seminary of learning of the kind contemplated by the charter was established therein, under the charter, and continued until the spring of 1874; that on the 14th of September, 1859, plaintiffs conveyed said land to the seminary corporation in pursuance of the aforesaid agreement, without any consideration paid or agreed to be paid therefor, and solely for the purpose of donating the site to said corporation for seminary purposes; that the buildings erected on said site, and all other improvements thereon, were paid for with money donated to the corporation in aid of its general objects by a large number of persons residing in different parts of the country; that in the spring of 1874, said corporation wholly ceased to maintain a school in said building or use it for seminary purposes, and the use of the buildings and site for such purposes has been wholly abandoned since that time; that the conveyance to the *Boot & Shoe Manufacturing Co.* was made without the consent of plaintiffs and against the remonstrances of the plaintiff *David L. Mills*, and wholly without consideration paid or agreed to be paid therefor, in fraud of the rights of said plaintiff as donor, and "in utter violation of the duty with which the officers of said *Evansville Seminary* were clothed by law."

Upon these findings, the court held that the deed in question was void, and that plaintiffs were entitled to judgment declaring it void, and perpetually restraining the *Evansville*

*Seminary* and its officers from selling or conveying any of the property except for seminary purposes.

The plaintiffs excepted to the failure of the court to find as a fact, that, in executing and delivering their deed to the seminary pursuant to the previous written contract, they did not intend to waive, and did not waive, their reversionary right to the premises in case the *Evansville Seminary* ceased to use them for seminary purposes. They also excepted to the failure of the court to hold as a conclusion of law, that the *Evansville Seminary* had forfeited its right to the premises and its right to the possession thereof, and that the same had reverted to the plaintiffs.

From a judgment in pursuance of the legal conclusions above stated, the plaintiffs appealed.

For the appellants, there was a brief by *John R. Bennett* and *John Winans*, and oral argument by *Mr. Bennett* and *David L. Mills.*[1] They contended, 1. That as plaintiffs' contract to donate and convey the " Seminary Park " to the *Evansville Seminary* was for the sole consideration and upon the express condition that the premises should be used only for seminary purposes and should revert when they should cease to be so used, these covenants and conditions in said contract did not merge in the deed executed by plaintiffs, and as between plaintiffs and the *Evansville Seminary* the agreement as to the reversion was still in force. *De Forest v. Holum*, 38 Wis., 516; *Morris v. Whitcher*, 20 N. Y., 41, 47. The execution of a conveyance pursuant to an executory contract of sale does not extinguish the agreement on the part of the vendee. *Bogart v. Burkhalter*, 1 Denio, 125; *Johnson v. Hathorn*, 2 Keyes, 476. Even when the executory agreement is by parol, the vendee who accepts a conveyance in pursuance of

---

[1] Though the cause went off here upon a single ground, not specially dwelt upon in the argument at bar, yet it has been thought that an outline of that argument may be of value in cases which may hereafter arise in this state. — REP.

it is bound by its terms. 3 Keyes, 125; *Witbeck v. Waine,* 16 N. Y., 532; *Mayor, etc., v. Stuyvesant,* 17 id., 34; *S. C.,* 10 How. Pr., 76; *Mott v. Coddington,* 1 Rob., 267; *Atwood v. Norton,* 27 Barb., 638, 644; *Bennett v. Abrams,* 41 id., 619, 625. 2. That by wholly ceasing to use the "Seminary Park" and the buildings thereon for seminary purposes, and by conveying it to the other defendant, the *Evansville Seminary* forfeited all its right and title, legal or equitable, in and to the premises. And the cancellation of the deed to the other defendant did not revest the title in the *Evansville Seminary.* *Parker v. Kane,* 4 Wis., 1; *Wilke v. Wilke,* 28 id., 299; *Hilmert v. Christian,* 29 id., 104; *Horner v. Railway Co.,* 38 id., 165. A breach of a condition subsequent works a forfeiture of the estate. *Hayden v. Stoughton,* 5 Pick., 528; *Gray v. Blanchard,* 8 id., 284; *Austin v. Cambridgeport,* 21 id., 215; *Bowen v. Bowen,* 18 Conn., 535; *Warner v. Bennett,* 31 id., 468; *Stuyvesant v. New York,* 11 Paige, 414; *Nicoll v. Railroad Co.,* 12 N. Y., 121. 3. That, by the acts above named and others inconsistent with its corporate existence, the *Evansville Seminary* became and is dissolved. A. & A. on Corp., § 74; 2 Kyd on Corp., 467, 516; *Slee v. Bloom,* 19 Johns., 456; *People v. President, etc.,* 38 Cal., 166; *Mickles v. Rochester City Bank,* 11 Paige, 118; *Hooker v. Utica Turnpike Co.,* 12 Wend., 371; *Bingham v. Weiderwax,* 1 Coms., 509; *Dartmouth College v. Woodward,* 4 Wheat., 518; *Putnam v. Sweet,* 1 Chand., 286. 4. That as the *Evansville Seminary* was an eleemosynary corporation, and its board of trustees mere trustees of a charity, upon the dissolution of the corporation or a total failure to dispense the charity according to the designs of its founders and benefactors, and a total abandonment of the same, its real estate reverts to its grantors, their heirs and assigns. 1 Black. Com., 484; Kent's Com., 307; 2 Kyd on Corp., 516; A. & A. on Corp., 10th ed., §§ 195–6, 778–9; Abbott's Dig. of Corp., 296; *Hooker v. Turnpike Co.* and *Bingham v. Weiderwax, supra;*

*Waldo v. Railroad Co.*, 14 Wis., 575; *Dartmouth College v. Woodward* and *People v. President*, etc., *supra.*

For the respondents, there was a brief by *Cassoday & Carpenter*, and oral argument by *Mr. Cassoday.* They contended that there was no evidence to sustain a finding like that the omission of which was excepted to. As to the questions of law, they argued, among other things, 1. That courts of equity have no power to dissolve a corporation, unless authorized to do so by statute. *Folger v. Ins. Co.*, 99 Mass., 267, 274; *B. M. Co. v. Langdon*, 24 Pick., 49, 52–3; *Att'y Gen. v. Ins. Co.*, 2 Johns. Ch., 371; *Howe v. Deuell*, 43 Barb., 504; *People v. Railway Co.*, 36 How. Pr., 129; *Gilman v. Sugar Co.*, 4 Lans., 482. 2. That an individual donor to the *Evansville Seminary* could not maintain a suit in his own name to dissolve the corporation. (1) Even where a suit to dissolve a corporation will lie under secs. 3237–3245, R. S., it can only be brought in the manner there prescribed. (2) The statutory provisions referred to do not extend to any incorporated academy or select school. (3) Secs. 8–10, ch. 75, Tay. Stats. (being the same as ch. 54, R. S. 1849, referred to in the charter of the seminary), do not authorize this action. *State v. West Wis. Railway Co.*, 34 Wis., 197. (4) It is at least exceedingly doubtful whether a mere donor to an eleemosynary corporation can maintain any suit for any purpose. *Sanderson v. White*, 18 Pick., 328; *Dolan v. Mayor*, 4 Gill, 394. 3. That since the *Evansville Seminary* could not be dissolved by this action, the question of reversion did not arise. 4. That nothing was alleged or shown which would authorize a court of equity to reform the deed; and that, the deed not being reformed, it was wholly immaterial whether, prior to making it, plaintiffs did or did not propose to donate the lands upon condition or subject to the right of reversion; because all such prior propositions were superseded by the execution of the warranty deed actually made (46 Iowa, 287, 291; 27 Pa. St., 123, 131; 1 Rawle, 377, 384; 10 Johns., 297,

299); and that the plea of no consideration was not available to defeat the deed, or to limit its language or lessen its effect. *Grout v. Townsend*, 2 Hill, 554, 557; *S. C.*, 2 Denio, 339, 340. 5. That even if the corporation should be dissolved by apt proceedings for that purpose, these lands, with the buildings and improvements put upon them with moneys donated by others, would not revert to the plaintiffs merely because the title to the lands once passed through them *(Nicoll v. Railway Co.*, 12 N. Y., 121, affirming *Same Case*, 12 Barb., 460, 465; *Owen v. Smith*, 31 Barb., 641; *People v. Mauran*, 5 Denio, 389, 398–401; *Heyward v. Mayor*, 7 N. Y., 314, 326; *Lawe v. Hyde*, 39 Wis., 345; Bingham on R. P., 179); but, in case of such a dissolution, if plaintiffs, as donors in part, had an equitable interest in the property, such interest would be subject to the closing up of the affairs of the seminary and payment of its debts, and then they would be entitled only to share *pro rata* with the other donors, whether of money or other property. *Niccolls v. Rugg*, 47 Ill., 47; *Ferraria v. Vasconcellas*, 23 id., 456.

*Burr W. Jones*, on the same side, argued the following among other points: 1. No dissolution of the corporation was shown. Plaintiffs' allegations and proofs as to the suspension of the ordinary and lawful business of the corporation were probably made with reference to sec. 20, ch. 148, R. S. 1858; but sec. 38 of that chapter expressly makes its provisions inapplicable to corporations of this class. In the absence of a statute conferring upon courts of chancery jurisdiction to adjudge the dissolution of corporations, the question whether or not the corporation has violated its charter or forfeited its franchise is for the sole determination of a court of law. Ch. 78, R. S. 1858, provides for closing up corporations whose charters have expired by their own limitation or shall be annulled by forfeiture or otherwise; but it does not provide any new method for dissolving corporations or determining a forfeiture of their charters. The proceedings for those pur-

poses are provided by ch. 160, R. S. 1858, and by the long settled practice of the courts in the states from which our statutes are derived. "A cause of forfeiture cannot be taken advantage of or enforced against a corporation  . . . . in any other mode than by a direct proceeding for that purpose against the corporation, so that it may have an opportunity to answer. And the government creating the corporation can alone institute such a proceeding." A. & A. on Corp., § 777, and cases cited; id., § 734. A corporation may surrender its franchises; but an attempted surrender does not work a dissolution until accepted by the government. A. & A. on Corp., § 772. In further support of the foregoing views, counsel cited *Folger v. Ins. Co.*, 99 Mass., 284; 2 Potter on Corp., §§ 687–9, 696, 704, 712, and cases there cited; 2 Kent's Com., 305, 313, 314; *Regents, etc., v. Williams*, 9 Gill & J., 365–426; *Verplanck v. Ins. Co.*, 1 Edwards, 84; *Ferris v. Strong*, 3 id., 127; *People v. Trustees, etc.*, 5 Wend., 211; 2 Burr., 869; 2 Durnf. & E., 569. 2. Even if the corporation should be dissolved, the property claimed would not revert to the plaintiffs, whatever the common-law rule on that subject may once have been. *Strong v. Doty*, 32 Wis., 381; *Heaston v. Comm'rs*, 20 Ind., 398; *Seebold v. Shitler*, 34 Pa. St., 135; *Towar v. Hale*, 46 Barb., 361; *Sanderson v. White*, 18 Pick., 328; 2 Potter on Corp., § 699. Counsel contended that this would be so irrespective of any statute, because the courts have treated the former rule as inapplicable to the nature of our institutions; but he also relied upon the following statutes: R. S. 1878, sec. 2036; sec. 12, ch. 83, R. S. 1858; ch. 54, R. S. 1849, corresponding to ch. 78, R. S. 1858, made specifically applicable to the *Evansville Seminary* by its charter. See *State v. West Wis. Railway Co.*, 34 Wis., 194, construing secs. 8–10 of that chapter. It is claimed that in corporations of this class there are no stockholders; but the tendency of legislation in this state has been in a different direction. R. S. 1858, p. 486; R. S. 1878, sec. 1784. And it is a far more reasonable and equi-

table doctrine, that all who subscribed and paid for the erection of a seminary should have an interest in the common property when the corporation may be dissolved, than that plaintiffs shall become the sole owners.

COLE, J. The claim of the appellants is, that the deed of September 14, 1859, was a grant upon condition, having been executed in pursuance of and under the previous executory contract to convey a site for a seminary; that the deed was voluntary, no consideration being paid or agreed to be paid for the land conveyed; and that the deed was executed solely for the purpose of furnishing a site for a seminary, with the express understanding of the parties thereto that when the land should cease to be used for seminary purposes the title should revert to the grantors. But no such condition is expressed in the deed, which is absolute in terms, and purports to convey an indefeasible estate. Now the object of this action is to have the deed reformed so as to make it express the actual intention and understanding of the parties, and, inasmuch as the land has ceased to be used for a seminary, to have the court declare and enforce the forfeiture. This, in substance, is the nature of the relief asked in the complaint; and the question, therefore, to be considered at the outset is: Will a court of equity exert its jurisdiction for such a purpose? It is well settled that it will not. The cases of *Clark v. Drake*, 3 Pin., 228, and *Lawe v. Hyde*, 39 Wis., 345, are direct decisions of our own supreme court upon this point. In the former case, the bill was filed for the purpose of aiding or enforcing a forfeiture, and, on demurrer, Judge WHITON, in delivering the opinion of the court, said: "It is too well settled to be at all controverted, that courts of equity will not take jurisdiction of a case for the purpose of enforcing a forfeiture, but will leave a party who seeks to take advantage of one, to his remedy at law." p. 233. In *Lawe v. Hyde* the same doctrine is announced and enforced. In that case the chief justice says:

" The complaint purports to be against Mr. Lawrence, the grantee of the respondent, the university, and the appellant, in equity, for reformation of the condition subsequent in the respondent's deed, for forfeiture for condition broken, and for possession. Aside from the statute of limitations, a proceeding in equity to enforce a forfeiture cannot be sustained." The plaintiff in that case abandoned his equitable proceeding; the cause was argued by counsel at the bar as an action of ejectment for forfeiture for breach of the condition stated in the deed; and, upon stipulation, was considered and decided by the court as an action at law. But had the action been treated as one in equity, the difficulty first suggested by the chief justice would have been insurmountable.

The objection seems equally decisive here. It is true, it was sought to prove by parol that the appellants, in executing the deed absolute in form, did not intend to waive or abandon the condition on which the land was conveyed. But still we are unable to perceive how this fact could aid the jurisdiction of a court of equity in the matter; for, if it was competent to prove by parol that the absolute grant was qualified by the condition contained in the executory agreement, this proof could be made as well in a court of law as equity. In either forum the question, of course, would be, whether it could be shown by parol that the conditions in the previous contract were intended to be imported into the deed or coëxisted with it. If, as is claimed by the appellants, these conditions did not merge in the deed, but remained in force after the conveyance was executed, and these facts could be established by parol testimony, then it is very plain that the appellants had an ample remedy at law to recover the possession of the property as for forfeiture upon subsequent condition broken. *Horner v. The C., M. & St. P. Railway Co.*, 38 Wis., 165. But equity will not enforce the forfeiture.

On the trial, the court below found, from the evidence, that the seminary corporation had ceased to use the property for a

seminary, and had wholly abandoned it for that purpose, and had conveyed the property to the defendant the *Evansville Boot & Shoe Manufacturing Company.* This latter conveyance the circuit court set aside as void, and perpetually enjoined the *Evansville Seminary* from conveying away the property except for seminary purposes. This is as far as the judgment proceeded. Now the plaintiffs have appealed from so much of the judgment as grants the injunction, and which fails to adjudge that the seminary corporation had forfeited its right and title to the property, and that the title had reverted to them, and that they were entitled to the possession thereof. It is insisted that the court should, upon the case made or facts proposed to be shown, have adjudged the title of the property in the plaintiffs. But to grant this relief, the court would have had to enforce the forfeiture. For the reasons already stated, this it could not do. Indeed, in the view we have taken of the case, the whole judgment is indefensible, and would have to be reversed had it been appealed from. But we can only reverse so much of it as is before us for review, and remit the cause for such further proceedings as the parties may be advised to take.

It is apparent that the whole judgment proceeds upon the ground that the action is one to enforce the trust. But this is not the purpose and scope of the suit. Whether the appellants, as donors of the *Evansville Seminary,* could maintain an action for the execution of the trust, and to annul the conveyance made by the seminary corporation to, the *Boot & Shoe Manufacturing Company,* is a question not involved in this case, and of course not considered. All that it is necessary and proper to decide on this appeal is, that it would be a violation of the principles upon which courts of equity proceed, to grant the relief asked in the complaint, and to adjudge that in consequence of the wrongful acts of the seminary corporation, which are disclosed in the evidence — its failure to use the property for seminary purposes and its attempt to con-

vey it away, — its title in the property was forfeited, and such title, with the right of possession, had reverted to the grantors.

It follows from these views, that that part of the judgment of the circuit court appealed from must be reversed, and the cause remanded for further proceedings according to law.

*By the Court.* — So ordered.