MILLS and wife vs. THE EVANSVILLE SEMINARY and another.

*September 1 — September 27, 1881.*

REFORMATION OF DEED. *(1) Res adjudicata.   (2) Equity will not insert a forfeiture clause in a deed.*

|  | 52 | 669 |
| d87 | 672 | |
| 52 | | 669 |
| s58 | | 135 |
| 112 | | ¹406 |

1. By the judgment of this court herein on a former appeal by the plaintiffs (47 Wis. 354) it is *res adjudicata*, that the object of this suit, in equity, is the enforcement of a forfeiture (the reformation of plaintiffs' deed being sought only for the purpose of having the forfeiture declared); and that the circuit court should not have entertained the suit.  So much of the judgment below as declares void a deed of the defendant seminary to its codefendant, must therefore be reversed on defendants' appeal.

[2. Equity refuses to entertain a suit to reform an absolute deed by inserting a forfeiture clause, on the same ground on which it refuses to enforce a forfeiture.]

APPEAL from the Circuit Court for *Rock* County.

This case was formerly before this court on an appeal by the plaintiffs, and is reported in 47 Wis., 354.   The present appeal was by the defendants from the same judgment.

*Burr W. Jones*, for appellants, argued, among other things, that it was *res adjudicata* that this action could not be maintained in its present form, that it should have been dismissed in the court below, and that the whole judgment was indefensible. The parties and the evidence are the same, and the decision of this court on the former appeal is final and binding on the parties on this appeal.  *Bowen v. Hastings*, 47 Wis., 235; *Johnson v. Ashland Lumber Co., ante*, p. 458; *Howard v. City of Oshkosh*, 37 id., 242; *Lathrop v. Knapp*, id., 312; *Hutchinson v. Railway Co.*, 41 id., 547; *Du Pont v. Davis*, 35 id., 638; *Noonan v. Orton*, 27 id., 310.

For the respondents there was a brief by *D. L. Mills* in person, with *John R. Bennett* and *John Winans* of counsel, and oral argument by *Mr. Mills* and *Mr. Bennett*.

ORTON, J.   The judgment in this case when it was before this court on appeal by the plaintiffs, reported in 47 Wis., 354, must be held to· be *res adjudicata* on this appeal and conclu-

sive against the plaintiffs' right of recovery, and that part of the judgment now appealed from. It may be true that, on the former appeal, the plaintiffs sought to reverse the judgment strictly because it did not contain all of the relief asked; but incidentally and impliedly that part of the judgment which was unfavorable to the plaintiffs, viz., that part enjoining the defendant the *Evansville Seminary* from conveying the premises to any one, not excepting the plaintiffs, came within the appeal and was reversed by the language of the opinion,— " the plaintiffs have appealed from so much of the judgment as grants the injunction," and, " that part of the judgment of the circuit court appealed from must be reversed." The present appeal of the defendants, therefore, must be treated as taken from all of the judgment not reversed on the former appeal. The opinion of the chief justice on the former appeal treats the complaint, in its scope and main object, as one alleging a forfeiture and asking a court of equity to declare and enforce it; and the reversal of that part of the judgment appealed from is based solely on the ground that " courts of equity will not take jurisdiction of a case for the purpose of enforcing a forfeiture, but will leave a party who seeks to take advantage of one to his remedy at law." This is conclusive of the present appeal, and the remaining parts of the judgment must be reversed by force of the former adjudication of this court in this cause, without further or other reasons.

It is now urged by the learned counsel of the respondents, that the ruling asked in the complaint is two-fold: *first*, that the absolute deed of the plaintiffs be reformed by inserting in it a clause of forfeiture; and *secondly*, to declare and enforce such forfeiture; and that, therefore, although the latter relief may not be granted, the former may be, and the complaint should be allowed to stand for such purpose alone. It is a sufficient answer that this court on the former appeal adjudicated this identical question, and construed the complaint, both in its allegations and prayer for relief, as having but one main object and purpose, which were to enforce the forfeiture, treating the

Mills and wife vs. The Evansville Seminary and another.

reformation of the deed by inserting in it a clause of forfeiture as merely incidental and necessary to such main relief, and as asking a reformation of the deed in this respect only for the purpose of having the forfeiture declared. It is said, in the opinion, "This in substance is the nature of the relief asked in the complaint." If the question were not already disposed of and concluded on the former appeal, we should at this time so construe the complaint; and out of mere deference to the learned and eminent counsel of the respondents, without seeming to reconsider the former decision, it may be added here that precisely the same reason why courts of equity will not take jurisdiction to declare and enforce a forfeiture clause already contained in a deed, would have equal force against courts of equity entertaining a complaint for the purpose of inserting a forfeiture clause in an absolute deed; and that reason is, that forfeitures are not favored. " Neither penalties, forfeitures nor reëntries for conditions broken are favored in equity." Willard's Eq. Jur., 56; 2 Story's Eq. Jur., § 1319.

In *Lawe v. Hyde*, 39 Wis., 345, it was sought both to reform the deed in respect to the conditions, and to add other conditions of forfeiture, and to enforce the forfeiture. The action was regarded and disposed of by this court as one for the sole purpose of enforcing a forfeiture; and the late eminent chief justice said in his opinion: "The complaint purports to be against Mr. Lawrence, the grantee of the respondent, the university, and appellant, in equity, for reformation of the condition subsequent in the respondent's deed, for forfeiture for condition broken, and for possession. . . . A proceeding in equity to enforce a forfeiture cannot be sustained."

*By the Court.*— The part of the judgment appealed from is reversed, and the cause remanded with directions to the circuit court to dismiss the complaint, without prejudice to a suit at law.

Cassoday, J., took no part.