## COLLINS vs. THE SINGER MANUFACTURING COMPANY.

*October 20 — November 3, 1881.*

PLEADING: ANSWER: FORFEITURE. *(1) Form of denial. (2) Amending answer to set up additional ground of forfeiture. (3) Provision as to forfeiture construed.*

1. A denial, in an answer, of everything between certain specified words and folios of the complaint, is not a compliance with sec. 2655, R. S., which requires "a general or specific denial of each material allegation of the complaint."
2. A contract for plaintiff's services in the sale of defendant's sewing machines, to be paid for in part by a certain per cent. of the *cash* paid on such sales, as the same should be paid to defendant, provides that, "in case of the termination of [such] services," plaintiff's "entire interest in the further avails of his sales shall also terminate and be at an end in case [he] shall enter the employment of another party in making sales of other sewing machines than those furnished by [defendant], [plaintiff] hereby agreeing to forfeit all right or claim to any per centum or further compensation than that already paid him by [defendant] at the date of the termination of said services." In an action for sums alleged to be due on sales made under the contract, the answer alleged, as ground of forfeiture, merely that plaintiff was discharged by defendant

for cause. *Held*, that there was no abuse of discretion in refusing to allow an amendment thereto, after the cause had been submitted, further alleging as ground of forfeiture, that, after such discharge, plaintiff had "entered into the employment of other parties for the sale of other sewing machines."

3. A forfeiture of plaintiff's compensation under said contract, for sales already made, would not be enforced for his engaging in the sale of other sewing machines for other parties *after* his discharge from defendant's service.

APPEAL from the Circuit Court for *Winnebago* County.

Action for a sum alleged to be due the plaintiff for services in the sale of sewing machines, as agent of the defendant, under a written contract between the parties. The case is sufficiently stated in the opinion. From a judgment in favor of the plaintiff, the defendant appealed.

The cause was submitted for the appellant on the brief of *James Freeman*.

For the respondent there was a brief by *Crozier & Tyrrell*, and oral argument by *Mr. Crozier*.

ORTON, J. We shall not take the trouble to ascertain by the answer what allegations of the complaint are denied or admitted, as such denials and admissions are general of everything between certain words and folios, and not according to the statute (section 2655, R. S.), which requires "a general or specific denial of each material allegation of the complaint." The questions raised on this appeal are very plain, without a very critical examination of the pleadings or the evidence. The plaintiff sold sewing machines for the defendant, under an agreement dated March 26, 1879, and was to have for his services certain commissions on cash sales. He was discharged from the employment of the company on the 12th day of September, 1879, and soon thereafter he entered into the employment of other parties to sell other sewing machines. The agreement under which his services to the defendant were performed, provided that, in case of the termination of his ser-

vices to the defendant, "his entire interest in the further avails of his sales shall also terminate and be at an end in case [he] shall enter the employment of another party or parties . . . in making sales of other sewing machines," etc., he agrees "to forfeit all right or claim to any . per centum or further compensation than that already paid him by the defendant."

The plaintiff claims his commission or per centum under the contract on sales already made by him before the termination of his services, on the 12th day of September, 1879, and the referee so found him entitled to recover, and judgment was rendered therefor. After the submission of the case to the referee, and after argument, but before the decision, the defendant asked leave to amend the answer by setting up the forfeiture by the plaintiff of all right or claim to any per centum or further compensation than that already paid him by the defendant, by reason of the plaintiff's entering the employment of other parties, to sell other machines, soon after the termination of his services to the defendant. The defendant in the answer alleges that the plaintiff was discharged by the defendant on the 12th day of September, 1879, for drunkenness, neglect of duty and inattention to business, and insists that the plaintiff forfeited all accruing commissions, by the terms of said agreement, at the time of this discharge. It is very clear that this agreement does not in terms give the defendant the right to so discharge the plaintiff, and that this clause of the agreement, taken together, provides only for the termination of his services by his entering the employment of other parties to sell other sewing machines, and for a forfeiture of any unpaid per centum at the date of the termination of his services for that cause.

It is probably for that reason the defendant wished to amend his answer, and set out fully such forfeiture. The leave to amend was denied, but the referee allowed evidence to be taken, and found that about the 27th day of September, 1879, the plaintiff entered into the employment of another person to sell

other sewing machines. The learned counsel of the appellant excepts to this finding, and contends that the plaintiff entered into such employment immediately after his discharge, which does not change the legal effect of the evidence. The main point taken upon this appeal, by the learned counsel of the appellant, is, that such amendment should have been allowed; and then the evidence showed a forfeiture by the plaintiff of the unpaid per centum or commission, for which this suit is brought. There are two sufficient reasons why the defendant should not have been allowed to so amend the answer. One is, that such amendment would have been inconsistent with that part of the answer in which it is alleged that the defendant discharged the plaintiff for drunkenness, etc., on the 12th day of September; for, if the plaintiff was so discharged by the defendant, the defendant had, or could have, no further control over the plaintiff or his services, and it was quite immaterial to him whether the plaintiff entered into the service of others or not. From the time of his discharge in this manner the plaintiff had the right to do as he pleased. The amended answer does not state that he was discharged for entering the service of others, but only that he entered such service after his discharge. The defendant saw fit to discharge the plaintiff for a cause which worked no forfeiture according to the contract; and after such discharge the plaintiff had the undoubted right to do that for which a forfeiture of his earnings is now asked by the amended answer. The other reason is, that forfeitures are not favored in the law, and should not be specially favored by the courts; and such a defense is somewhat unconscionable at best, and in this case would be especially so; and we therefore think that the referee did not abuse his discretion in refusing the amendment. Willard's Eq. Jur., 56; 2 Story's Eq. Jur., § 1319; *Lawe v. Hyde*, 39 Wis., 345; *Mills v. Evansville Seminary*, 52 Wis., 669.

In addition to these reasons, it may be intimated that if the answer had not set up that the plaintiff had been discharged

by the defendant for drunkenness, etc., and the amended answer had not claimed a forfeiture by reason of the plaintiff entering the employment of others after his discharge, and the answer had been that the plaintiff was discharged by reason of his entering the employment of others, and therefore forfeited his unpaid commissions, it is extremely doubtful whether the agreement would bear any such construction as is here claimed. The language, "his entire interest in the *further avails* of his sales," and "all right or claim to any per centum or *further compensation* than that already paid," would scarcely embrace the commissions and the per centum on all past sales remaining unpaid, without predicating this provision of the contract upon the illegal presumption that the defendant would not pay the plaintiff his compensation *when due.*

We find no error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.